IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:23-cv-837

| | |
|---|---|
| ANDREW SALVETTI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT** |
| CHARLOTTE-MECKLENBURG | ) |
| HOSPITAL AUTHORITY D/B/A ATRIUM | ) |
| HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

PLAINTIFF ANDREW SALVETTI ("Mr. Salvetti"), by and through his counsel, brings this action against Defendant CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY d/b/a ATRIUM HEALTH ("Defendant"), stating as follows:

## NATURE OF ACTION

1. Mr. Salvetti was fired by Defendant within hours of his complaint to Defendant's Human Resources that he was being harassed due to his sexual orientation.

2. Mr. Salvetti's supervisor admits that she had no intention of firing Mr. Salvetti prior to his human resources complaint, but that she changed her mind after learning of the complaint.

3. Defendant's unlawful treatment of Mr. Salvetti and the resulting disillusionment he has experienced has driven him from the pastoral career he had spent his entire life pursuing.

4. Mr. Salvetti brings claims pursuant to the protections against harassment and retaliation provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter "Title VII").

1

## PARTIES

5. Plaintiff Andrew Salvetti is a male resident and citizen of Onondaga County, New York. At the time of the allegations contained herein, he was an employee of Defendant.

6. At all times relevant to this Complaint, Mr. Salvetti was an "employee" of Defendant as that term is defined by Title VII.

7. Defendant Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health is a municipal hospital authority established under North Carolina's Hospital Authorities Act, incorporated in the State of North Carolina, and is registered and licensed to do business in the State of North Carolina with its principal place of business in Mecklenburg, North Carolina.

8. Defendant regularly and systematically conducts business in the State of North Carolina.

9. Defendant employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

10. At all times relevant to this Complaint, Defendant was an "employer" as that term is defined in Title VII.

## ADMINISTRATIVE HISTORY

11. Mr. Salvetti has exhausted all administrative remedies available to him.

12. On January 4, 2023, Mr. Salvetti filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the January 4, 2023 EEOC Charge is attached hereto as Exhibit A.

13. The EEOC issued a "Dismissal and Notice of Rights" to Mr. Salvetti on September 12, 2023. A copy of the September 12th Dismissal and Notice of Rights letter is attached hereto as Exhibit B.

14. This Complaint is timely filed within 90 days from the date Mr. Salvetti received his Dismissal and Notice of Rights from the EEOC.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 because this action is based on discrimination and retaliation in violation of Title VII.

16. At all times relevant to this action, Mr. Salvetti was employed by Defendant in this judicial district, namely Mecklenburg County, North Carolina.

17. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## FACTS

18. Mr. Salvetti is a deeply spiritual man. As a survivor of gay-to-straight conversion therapy as a young man, Mr. Salvetti knows first-hand of the suffering that other Christians routinely experience at the hands of the church.

19. Mr. Salvetti's life experience drove him to pursue a career where he could be a leader in the Christian church and allow him to make the church a more welcoming place for individuals who identify as LGBTQ+.

20. In May 2022, Mr. Salvetti was awarded his Master of Divinity degree from Bexley Seabury Seminary.

21. Bexley Seabury Seminary is a seminary of the Episcopal Church.

22. Believing that Defendant offered a safe space to work for the LGBTQ+ community, Mr. Salvetti began a job with Defendant as a Resident in Spiritual Care on or around July 25, 2022.

23. Mr. Salvetti disclosed to Defendant throughout his application process that he was homosexual. Mr. Salvetti also disclosed his sexuality to his colleagues and peers within days of his hiring.

24. Nevertheless, almost immediately upon starting his employment with Defendant, Mr. Salvetti began experiencing harassment from his supervisors and colleagues regarding his sexuality.

25. The harassment included, but was not limited to, the following:

   a. Mr. Salvetti being told by a colleague that "we all have our sins" in response to disclosing that he had a husband;

   b. Mr. Salvetti being told by a colleague that she never wanted to go to the seminary that led to an acceptance of homosexuals into church life;

   c. Colleagues loudly expressing disapproval during Mr. Salvetti's retelling of a story of discrimination he had experienced in the church; and

   d. Being reprimanded by his supervisor for "giving off angry bi-polar gay man energy."

26. At 9:54 A.M. on October 12, 2022, Mr. Salvetti e-mailed Defendant's HR Service Center saying that he had "some major concerns."

27. Specifically, in that e-mail, Mr. Salvetti restated the above instances and explicitly reported that he had "been experiencing harassment due to my sexual orientation."

28. At 11:48 A.M. on October 12, 2022, Mr. Salvetti's supervisor e-mailed Defendant's Teammate Relations Advisor instructing him to terminate Mr. Salvetti's employment with Defendant.

4

29. At the time Mr. Salvetti's supervisor made the decision to terminate Mr. Salvetti's employment, she knew of Mr. Salvetti's complaint to Human Resources.

30. Mr. Salvetti's supervisor has acknowledged that she did not intend to fire Mr. Salvetti prior to Mr. Salvetti's complaint to Human Resources.

31. Defendant fired Mr. Salvetti on or around October 12, 2022.

## COUNT I – DISCRIMINATION IN VIOLATION OF TITLE VII

32. Mr. Salvetti hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

33. Mr. Salvetti, a homosexual man, is a member of a protected class.

34. Defendant has engaged in intentional discrimination in the terms and conditions of Mr. Salvetti's employment, including, but not limited to, permitting discriminatory and harassing conduct by Mr. Salvetti's co-workers because of Mr. Salvetti's sexual orientation.

35. Defendant's conduct, as alleged herein, was carried out with reckless disregard for Mr. Salvetti's right to be free from discrimination based on his sexual orientation.

36. Defendant's policies, practices, and conduct toward Mr. Salvetti have had an unjustified and adverse impact on Mr. Salvetti and constitutes discrimination in violation of Title VII.

37. As a direct and proximate result of Defendant's discriminatory conduct, Mr. Salvetti suffered and continues to suffer economic losses and other nonpecuniary losses.

38. Defendant has engaged in discriminatory practices with malice and reckless indifference to Mr. Salvetti's federally protected rights, thereby entitling him to punitive damages.

39. Mr. Salvetti is entitled to recover his reasonable attorneys' fees and costs.

## COUNT II – HOSTILE WORK ENVIRONMENT

40. Mr. Salvetti hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. Defendant had an affirmative duty to maintain a workplace that was free of harassment based on Mr. Salvetti's sexual orientation.

42. As alleged above, Defendant's discriminatory conduct towards Mr. Salvetti altered the terms of his employment with Defendant and, accordingly, constituted a hostile work environment for him.

43. As a direct and proximate result of the hostile work environment created, nurtured, and permitted by Defendant, Mr. Salvetti suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

44. Defendant has engaged in discriminatory practices with malice and reckless indifference to Mr. Salvetti's federally protected rights, thereby entitling Plaintiff to punitive damages.

45. Mr. Salvetti is entitled to recover his reasonable attorneys' fees and costs.

## COUNT III – RETALIATION

46. Mr. Salvetti hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47. Title VII prohibits retaliation against employees who oppose discrimination prohibited by the statute.

48. Mr. Salvetti engaged in protected activity within the meaning of Title VII by reporting harassment he had been experiencing at the hands of his colleagues and supervisors.

49. At the time of his report, Mr. Salvetti was meeting all his job expectations.

50. Mr. Salvetti was punished and terminated from his position with Defendant in retaliation for his protected activity.

51. The individual responsible for Defendant's retaliatory action knew of Mr. Salvetti's protected activity at the time of the retaliation.

52. As a direct and proximate result of Defendant's retaliation, Mr. Salvetti suffered and continues to suffer economic losses and other nonpecuniary losses.

53. Defendant's actions were intentional, willful, and done in reckless disregard of Mr. Salvetti's rights as protected by Title VII.

54. Accordingly, Mr. Salvetti is entitled to recover punitive damages from Defendant.

55. Mr. Salvetti is entitled to recover his reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ANDREW SALVETTI requests that this Court enter judgment in his favor and against Defendant, and further:

(a) Award Mr. Salvetti compensatory damages to be determined by a jury, plus demonstrated past and future pecuniary damages on each of the above-stated counts;

(b) Award Mr. Salvetti punitive and exemplary damages, in an amount to be determined by a jury, on each of the above-stated counts;

(c) Award Mr. Salvetti litigation costs and expenses, including, but not limited to, reasonable attorneys' fees; and

(d) Award Mr. Salvetti such other and further relief as may be appropriate.

## **JURY DEMAND**

Plaintiff ANDREW SALVETTI hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted, this the 7th day of December, 2023.

BY: /s/ Joseph D. Budd
JOSEPH D. BUDD
N.C. Bar No. 44263
OSBORN GAMBALE BECKLEY & BUDD PLLC
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
T: 919.373.6422
F: 919.578.3733